Filed 7/29/15  P. v. Easley CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>YUSUF AMIN EASLEY,<br><br>    Defendant and Appellant. | E061624<br><br>(Super.Ct.Nos. FSB1400543 & FSB1400809)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Affirmed.

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### FACTUAL AND PROCEDURAL HISTORY

A.    PROCEDURAL BACKGROUND

On May 21, 2014, pursuant to a "package deal" plea agreement, defendant and appellant Yusuf Amin Easley pled guilty to second degree robbery in violation of Penal

1

Code section 211 (case No. FSB1400809), and to possession of cocaine base for sale in violation of Health and Safety Code section 11351.5 (case No. FSB1400543). Defendant also admitted that the robbery was committed for the benefit of a criminal street gang under Penal Code section 186.22, subdivision (b)(1)(C).

Pursuant to the plea agreement, the trial court sentenced defendant to three years of felony probation on the robbery conviction, on the condition that defendant serve 180 days in jail. The court also ordered various fines on the robbery plea. As for the conviction for possession of cocaine base for sale, the court ordered a concurrent sentence of 180 days in county jail and ordered various fines. A revocation of probation proceeding has been filed against defendant in case No. FSB1400809.

On July 21, 2014, defendant filed notices of appeal from both guilty pleas.

B.     FACTUAL BACKGROUND

The following is taken from the police reports because there were no probation reports filed and no preliminary hearings held in this case that resulted in a bindover:

1.     *COCAINE CASE:  CASE NO. FSB1400543*

On December 9, 2013, at about 2:30 p.m., uniformed police officer Olvera and his partner were looking for loitering gang members in downtown San Bernardino. They saw several black males loitering in front of a donut shop around a parked car. As the officers drove toward them, one of the males, later identified as defendant, put his hand in the pocket and threw an object near a bush. While the males were detained, Officer Olvera picked up the object that had been thrown by defendant. Officer Olvera suspected the white substance inside the bag was cocaine base. Officer Olvera scrolled through the

2

cell phone defendant had in his possession and saw pictures of defendant making gang signs and holding a gun. Officer Olvera also saw several text messages consistent with selling narcotics. The suspected cocaine base weighed .5 grams, including packaging. Defendant was arrested under Health and Safety Code section 11351.5 (possession of cocaine base for sale) and Penal Code section 186.22 (criminal street gang enhancement).

### 2. *ROBBERY CASE: CASE NO. FSB1400809*

On January 30, 2014, at 12:50 a.m., Officer Luna responded to a robbery call. Three black males had taken a cell phone. Officer Luna received a call that Officer Olvera had two of the suspects detained. The robbery victim identified the two suspects as his robbers. The victim felt light headed and wanted to go to the hospital at this point and was in Officer Luna's patrol car. As they passed defendant, who was walking down the street, the victim said, "that's the other guy." Defendant was wearing a hooded sweatshirt.

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

3

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

KING
Acting P. J.

CODRINGTON
J.